IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN PECK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-11-446 |
| | § | |
| ISLAND OPERATING COMPANY, INC., | § | |
| and APACHE CORPORATION | § | |

## OPINION AND ORDER

Before the Court by referral from the Honorable Gregg Costa, United States District Judge, is the "Motion to Transfer Venue" of Defendants, Island Operating Company, Inc. ("IOC") and Apache Corporation; the Motion seeks to have this cause of action transferred to the Western District of Louisiana. Plaintiff, Stephen Peck, is opposed to the transfer.

After this personal injury lawsuit was filed, originally in Galveston County Court, the Parties agreed to attempt to mediate the case. To that end, the Defendants postponed the filing of their intended Motion to Transfer Venue and Peck, in return, agreed he would not challenge such a Motion, if filed, on the grounds of untimeliness or waiver. Apparently, mediation efforts were sufficiently unsuccessful to prompt the Defendants to file the instant Motion on September 12, 2012. In opposition to the Motion Peck argues that the Galveston Division is the more convenient forum for the trial now set in June 2013. This Court respectfully disagrees with Peck.

This case seems to have absolutely no connection to this Division at all. Peck resides in Carencro, Louisiana, a suburb of Lafayette. Peck was injured on a fixed platform, owned by Apache, while located on the Outer Continental Shelf off the coast of Louisiana which could require some application of Louisiana state law. Eight of the eleven IOC crew members aboard the rig at the time, including the head foreman, were Louisiana residents. Peck's employer, Logistic Control Systems, had two other employees on the rig who were also residents of Louisiana. Logistic Control Systems, itself, is located in Lafayette. The pertinent offices of IOC are located in Lafayette. The work being conducted at the time of Peck's injury was through the Lafayette Office of Apache. Six of the treating physicians identified in Peck's Designation of Experts practice in Lafayette and the seventh in Carencro. Clearly, the Lafayette Division of the Western District of Louisiana is more convenient for all of the Louisiana residents and businesses.

Peck argues that he intends to have his three most important expert witnesses testify live at trial and, therefore, Galveston is more convenient for them. However, the Court notes that Dr. Roman, Peck's medical expert, practices in San Antonio; Mr. Madelay, Peck's engineer, resides in College Station; and Dr. McCoin, Peck's economist, resides in Houston. Each would obviously have to "travel" to Galveston for trial.

Having given due consideration to the availability and convenience of witnesses and parties; the location of relevant business records; the costs of obtaining the attendance of witnesses; the lack of subpoena power of this Court over most witnesses; the place of the

alleged wrong; and the remaining eight months before the current trial setting, see Dupre v. Sanier Marine Corp., 810 F.Supp. 823, 825 (S.D. Tex. 1993), this Court concludes that the transfer sought by the Defendants should occur.

It is, therefore, the **ORDER** of this Court that the "Motion to Transfer Venue" (Instrument no. 28) of Defendants, Island Operating Company and Apache Corporation, is **GRANTED** and this action **SHALL** be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Lafayette Division, on **November 23, 2012**, unless, upon the filing of timely objections, the District Court finds this Order to be clearly erroneous or contrary to law. Cf. Paoa v. Marati, 2007 WL 4563938 (D. Haw. 2007) (A magistrate judge's order transfer venue may be rejected by the district court only if it is clearly erroneous or contrary to law.)

The District Clerk **SHALL MAKE NO EFFORT** to transfer this case before **November 23, 2012**, or before the resolution of any objections, if filed.

**DONE** at Galveston, Texas, this ____6th____ day of November, 2012.

_John R. Froeschner_
John R. Froeschner
United States Magistrate Judge

3